UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RELATIONAL INVESTORS LLC,                   :
                                            :
                Plaintiff,                  :   **AMENDED OPINION**
                                            :   **GRANTING AND**
                                            :   **DENYING MOTIONS FOR**
        -against-                           :   **JUDGMENT ON THE**
                                            :   **PLEADINGS**
SOVEREIGN BANCORP, INC. AND,                :
BANCO SANTANDER CENTRAL                     :   05 Civ. 10394
HISPANO, S.A.,                              :
                                            :
                Defendants.                 :
-------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This case centers on a recurring debate in corporate governance, namely the balance of power between a corporation and its shareholders. Sovereign Bancorp Inc., a banking corporation incorporated under Pennsylvania law ("Sovereign"), finds itself locked in a battle for control with its largest shareholder, Relational Investors, LLC ("Relational"), incorporated under Delaware law. Dissatisfied with Sovereign's management and with its recent decision to sell a portion of its outstanding common stock to Santander Central Hispano, S.A. ("Santander"), a bank incorporated under the laws of Spain, Relational asserts its rights as a shareholder to persuade a majority of shareholders to oust Sovereign's directors from power. Sovereign counters that Relational's real interest is to aggrandize its own equity position, and contends that it and other shareholders may remove directors only upon a showing of cause. If directors could be removed without cause, Sovereign warns, important principles of corporate stability and continuity would be undermined, particularly where, as here, the Board of Sovereign is staggered, so that only two of its six directors stand for election at each annual meeting.

1

I hold, in response to the parties' motions for judgment on the pleadings, Fed. R. Civ. P. 12(c), in favor of Relational's position. Under Pennsylvania law and Sovereign's own Articles of Incorporation, I hold that Sovereign's shareholders, upon majority vote, have the right to remove directors without cause.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In June of 2004, Relational and its affiliates began acquiring a significant equity stake in Sovereign, accumulating approximately eight percent of Sovereign's issued and outstanding common stock, and becoming Sovereign's largest shareholder. In late 2004 and early 2005, Relational began to express dissatisfaction about Sovereign's management and, in May 2005, disclosed that it would seek representation on Sovereign's board at the 2006 annual meeting scheduled to be held in April. Under the terms of Sovereign's classified board structure, two of the six incumbent directors are to stand for re-election at the 2006 annual meeting; a second two, at the 2007 annual meeting; and the third two at the 2008 annual meeting. Seeking initially to replace just two directors, Relational filed preliminary proxy materials with the SEC on October 20, 2005, in connection with its proposed nomination of two directors for election to the Sovereign Board.

In the immediate wake of Relational's announcement, Sovereign announced, on October 24, 2005, that it had reached a definitive agreement with Independence Community Bank of Brooklyn, New York. Under the terms of this agreement, Sovereign is to acquire 100% of the outstanding shares of Independence for approximately $3.6 billion. Contemporaneous to the announcement of its agreement with Independence, Sovereign announced that it had reached a companion agreement with

Santander pursuant to which Santander is scheduled to purchase 19.8% of Sovereign's common stock for approximately $2.4 billion.

Expressing concern about the potential implications of Sovereign's agreement with Santander, and contending that the transaction was not in the best interests of Sovereign or its shareholders, Relational brought suit, and filed its initial complaint on December 12, 2005 (05 Civ. 10394). By its complaint, Relational sought a declaratory judgment that the transaction contemplated by the agreement between Santander and Sovereign would result in Santander owning between 19.8% and 24.99% of the outstanding shares of Sovereign common stock and thus would constitute a "control transaction" as defined by Subchapter E of the Pennsylvania Business Corporation Law ("PaBCL"). 15 Pa. Cons. Stat. Ann. §§ 2541 et seq. Under Subchapter E of the PaBCL, upon the occurrence of a "control transaction" wherein an individual or group acquires voting power over at least 20% of all voting shares of a corporation, any holder of the voting shares of said corporation is entitled to payment of fair value for their shares upon demand. 15 Pa. Cons. Stat. Ann. §§ 2541 et seq. Thus, Relational sought a judicial declaration that, upon closing of the transaction with Santander, Sovereign's shareholders would be entitled to receive fair value for their shares.

Shortly thereafter, on December 22, 2005, Relational announced that it intended to seek to remove Sovereign's entire board at the next shareholder meeting. Following Relational's December 22 announcement, Sovereign filed its complaint (05 Civ. 10736), seeking a declaration that its board could be removed only for cause and that the transaction would not constitute a control transaction. One week later, Sovereign's board postponed the April 2006 meeting until an unspecified date after August 31, 2006.

The parties then appeared before me for a conference on January 31, 2006. By Summary Order of January 31, 2006, I directed that the cases be consolidated into 05 Civ. 10394 and set a schedule for filing dispositive motions, and for discovery. Sovereign filed a motion to dismiss pursuant to Rule 12(c), Fed. R. Civ. P., and Rule 12(b)(1), Fed. R. Civ. P., seeking declarations that Relational's claim concerning the effect of the Santander transaction should be dismissed because there was no case or controversy, that Relational's claims based on Sovereign's alleged breach of duties and alleged violations of Section 14(a) of the Securities Exchange Act of 1934 should be dismissed for lack of standing and capacity to sue, and that Relational's claims asserting a right to remove Sovereign's directors without cause should be dismissed because both Pennsylvania law and Sovereign's Articles of Incorporation establish that such removal may only be with cause. Relational filed its opposition to Sovereign's motion to dismiss, and filed its own motion for judgment declaring that removal of Sovereign's directors could be effected without cause.

Contemporaneous with the instant litigation, Sovereign petitioned the Pennsylvania legislature to amend those provisions of the Pennsylvania Business and Corporation Law (the "PaBCL") implicated by the instant litigation. On January 31, 2006, the Pennsylvania legislature passed revisions to § 1726(a)(1), requiring a specific and unambiguous statement in the articles to permit removal of directors without cause. The amendment also included changes to Subchapter E, providing that "[s]hares acquired directly from the corporation in a transaction exempt from the registration requirements of the Securities Act of 1933" are not to be counted when determining whether a person

or group has acquired a control position. The amendments were subsequently signed into law by Pennsylvania Governor Edward Rendell on February 10, 2006.

The parties then appeared before me for oral argument on February 16, 2006, to address the various issues of law presented by the motions to dismiss. Prior to oral argument, and in light of the recent statutory amendments, Relational voluntarily withdrew its claim as to the applicability of Subchapter E to the Santander transaction. For the reasons stated on the record, I denied Sovereign's motion to dismiss Relational's claims of alleged breach of duties and alleged violations of Section 14(a) for lack of standing and capacity to sue. Thus, remaining for decision is the question of whether Sovereign's directors may be removed without cause, and it is to this question that I now turn.

**II. STANDARD OF REVIEW**

The standard employed in reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., is the same as that employed for motions brought pursuant to Rule 12(b)(6), Fed. R. Civ. P.

A Rule 12(b)(6) motion requires the court to determine whether plaintiff has stated a legally sufficient claim. A motion to dismiss under Rule 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). The court's function is "not to assay the weight of the evidence which might be offered in support" of the complaint, but "merely to assess the legal feasibility" of the complaint. Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In evaluating whether plaintiff may

ultimately prevail, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994).

**III. DISCUSSION**

*A. The Right of Removal under Pennsylvania Law*

At the time of Sovereign's incorporation in 1987, Pennsylvania law expressly provided for the removal of directors without cause. Pennsylvania Business Corporation Law ("PaBCL"), as enacted in 1933, provided that "the entire board of directors, or a class of the board, where the board is classified with respect to the power to elect directors, or any individual director may be removed from office *without assigning any cause*[.]" 15 Pa. Stat. Ann. § 1405(a) (West Supp. 1988) (repealed 1989) (emphasis added).

Subsequently, as concerns about hostile corporate takeovers grew, several states began enacting legislation to limit the ability of shareholders to remove directors, with a particular emphasis on promoting classified boards. See Richard H. Koppes, Lyle G. Ganske & Charles T. Haag, Corporate Governance Out of Focus: The Debate Over Classified Boards, 54 Bus. Law. 1023 (May 1999). As staggered boards grew in popularity, removal without cause came to be seen as antithetical to their plan and purpose, namely stability. See Essential Enters. Corp. v. Automatic Steel Prods., Inc., 159 A.2d 288, 291 (Del. Ch. 1960) (invalidating corporate bylaw allowing for removal without cause as incompatible with language of the statute and the certificate allowing for staggered terms). Indeed, the Delaware legislature ultimately codified the

rule that, unless the articles of incorporation provide otherwise, directors of a classified board may be removed only "for cause." Del. Code Ann. tit. 8, § 141(k)(1) (2001).

It was within this climate of seeking to protect corporations from the instability engendered by hostile takeovers that the Pennsylvania legislature repealed § 1405(a) in order to limit the ability of shareholders to remove directors without cause to situations where the company's charter and by-laws permitted such actions. Section 1726(a)(1) of the 1988 PaBCL, adopted the Delaware approach to removal of directors:

> Unless *otherwise provided in a bylaw* adopted by the shareholders, the entire board of directors, or a class of the board where the board is classified with respect to the power to select directors, or any individual director of a business corporation *may be removed from office without assigning any cause* by the vote of shareholders, or of the holders of a class or series of shares, entitled to elect directors, or the class of directors. … *Notwithstanding the first sentence* of this paragraph, *unless otherwise provided in the articles*, the entire board of directors, or any class of the board, or any individual director of a corporation having a board classified as permitted by section 1724(b) (relating to classified board of directors), *may be removed from office* by vote of the shareholders entitled to vote thereon *only for cause*, *if such classification has been effected by a bylaw adopted by the shareholders*. (emphasis added)

15 Pa. Cons. Stat. Ann. § 1726(a)(1). Thus, under the terms of the statute as amended in 1989, and as in effect at the time that Relational filed its original and amended complaints, the presumption was that removal of a director where the director was a member of a staggered board could be effected only for cause, absent indication to the contrary in the articles of incorporation.

In the wake of the instant litigation, Sovereign, seemingly aware that under the terms of the statute as amended in 1989 its directors might be susceptible to removal without cause, petitioned the Pennsylvania legislature to further amend

7

§ 1726(a)(1). The Pennsylvania legislature responded to Sovereign's request and, on February 10, 2006, Pennsylvania Governor Rendell signed into law Senate Bill No. 595. The new legislation amends the second sentence of § 1726(a)(1) as follows:

> Notwithstanding the first sentence of this paragraph, unless otherwise provided in the articles <u>by a specific and unambiguous statement that directors may be removed from office without assigning any cause</u>, the entire board of directors, or any class of the board, or any individual director of a corporation having a board classified as permitted by section 1724(b) (relating to classified board of directors), may be removed from office by vote of the shareholders entitled to vote thereon only for cause, if such classification has been effected <u>in the articles</u> or by a bylaw adopted by the shareholders.

Under the newly amended § 1726(a)(1), therefore, statements in the articles allowing for removal without cause are to be ineffective absent "a specific and unambiguous statement" that removal may be effected "without assigning any cause."

B. *Application of the 2006 Amendments*

In light of these recent amendments, the question presented is whether Relational's claim that directors may be removed without cause must fail where the articles lack the "specific and unambiguous statement" now required by the recent statutory amendment. Relational contends that the newly amended § 1726(a)(1) is prospective only, and that application of its heightened requirements for removal without cause to the instant litigation would amount to improper retroactive application, and would dramatically alter the legal effect of provisions previously understood to grant Sovereign shareholders the right to remove directors without cause. Sovereign does not dispute Relational's characterization of the amended § 1726(a)(1) as prospective only, but argues that its application to Relational's current attempt to remove the directors without cause is a proper application of a prospective amendment. For the reasons stated

8

below, I hold that the recently amended § 1726(a)(1) alters the previously established understanding between Sovereign and its shareholders as to removal of directors, and therefore amounts to improper retroactive application of a prospective statute.

As an initial matter, it should be noted that amendments to the PaBCL are presumptively prospective only. Section 1106(b)(1) provides: "[u]nless expressly provided otherwise in any amendment to this subpart, the amendment shall take effect only prospectively." 15 Pa. Cons. Stat. Ann. § 1106(b)(1). No such clear statement is provided in the new amendment to § 1726(a)(1). Instead, Senate Bill No. 595 provides only that the "act shall take effect immediately," with no reference to its retroactive application. Having determined, as admitted by both parties, that the amendment is prospective only, I must now determine whether application of the new requirements of § 1726(a)(1) to Relational's attempt to remove Sovereign's directors without cause would amount to improper retroactive application.

The clear presumption against retroactive application is "deeply rooted in our jurisprudence" and stems from the principle that "settled expectations should not be lightly disrupted." Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994). However, a statute is not retroactive simply because it "may unsettle expectations and impose burdens on past conduct." Id. at 270. Instead, a statute is deemed retroactive when "it relates back and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." McMahon v. McMahon, 612 A.2d 1360, 1364 (1992); see also Landgraf, 511 U.S. at 269 (noting that "every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or

9

considerations already past, must be deemed retrospective"). Thus, the essential question is whether "the new provision attaches new legal consequences to events contemplated before its enactment." Landgraf, 511 U.S. at 270. Such a determination is an inherently difficult one and there likely will be disagreement in close cases. However, as the Supreme Court noted, "retroactivity is a matter on which judges tend to have 'sound … instinct[s],' and familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." Id. (citing Danforth v. Groton Water Co., 59 N.E. 1033, 1034 (Mass. 1901)).

In determining whether application of the new requirements set out in the amended § 1726(a)(1) would be retroactive in effect, therefore, I must look to the objective expectations of Relational and Sovereign under the former § 1726(a)(1). Under the prior law, the presumption was that directors could be removed only for cause "unless otherwise provided in the articles." 15 Pa. Cons. Stat. Ann. § 1726(a)(1). Relational argues that Sovereign's Articles then in effect provided that directors could be removed without cause upon a majority vote by the shareholders. (See Zimet Decl., dated Feb. 2, 2006, Ex. E, Art. Eighth.) And so they do. As will be discussed in greater detail later in this Opinion, Article Eighth of Sovereign's Articles of Incorporation (the "Articles") allows for removal of Sovereign's directors without cause provided that such removal is accomplished by majority vote of the shareholders. (See id.)

A "corporate charter is a dual contract—one between the state and the corporation and its stockholders, and the other between the corporation and its stockholders[.]" Jacobson v. E.H. Backman, 401 P.2d 181, 183 (Utah 1965) (holding that the state is unauthorized to alter contractual obligations existing between the corporation

10

and the shareholders); see also Schaad v. Hotel Easton Co., 87 A.3d 227, 232 (Pa. 1952). Under its contract with its shareholders, Sovereign provided in its Articles that its directors could be removed without cause, and this understanding created a vested right in Sovereign's shareholders. Although the current dispute centers on whether Relational may now remove Sovereign's directors without cause, this determination may not be made without consideration of Relational's objective expectations at the time that it became a shareholder of Sovereign. To impose the new standard set out in the amended § 1726(a)(1) would upset Relational's vested rights as a shareholder and would thus amount to improper retroactive application of a statutory amendment.

It should be noted that the Pennsylvania legislature is undoubtedly permitted to set out the standards by which removal of directors may be effected. However, in the present case, the new standards imposed by the Pennsylvania legislature would impermissibly upset the pre-existing contract between Sovereign and its shareholders, without giving fair notice and opportunity to shareholders to adjust to the new standards. The point at which the settled expectations of the parties will no longer be disrupted by imposition of a new standard cannot be fixed with precision. What is certain, is that "considerations of fair notice, reasonable reliance, and settled expectations," Landgraf, 511 U.S. at 270, demand that Relational's right to remove directors without cause under the terms of its contract with Sovereign not be disrupted by legislation enacted on the eve of its attempt to exercise that very same right, with the intent to curtail just such an exercise.

*C. Right of Removal under Former § 1726(a)(1) and Sovereign's Articles*

Having established that the amendments to § 1726(a)(1) may not be applied to the present dispute, the remaining determination is whether, under the former § 1726(a)(1) and Sovereign's own Articles, removal of its directors may be without cause.

Section 1726(a)(1) of the 1988 PaBCL sets out the following standard for removal of directors sitting on a classified board:

> Unless *otherwise provided in a bylaw* adopted by the shareholders, the entire board of directors, or a class of the board where the board is classified with respect to the power to select directors, or any individual director of a business corporation *may be removed from office without assigning any cause* by the vote of shareholders, or of the holders of a class or series of shares, entitled to elect directors, or the class of directors. … *Notwithstanding the first sentence* of this paragraph, *unless otherwise provided in the articles*, the entire board of directors, or any class of the board, or any individual director of a corporation having a board classified as permitted by section 1724(b) (relating to classified board of directors), *may be removed from office* by vote of the shareholders entitled to vote thereon *only for cause*, *if such classification has been effected by a bylaw adopted by the shareholders*. (emphasis added)

15 Pa. Cons. Stat. Ann. § 1726(a)(1). Relational presents a two-pronged argument as to the application of this provision to the current dispute: first, that the presumption of removal only for cause is inapplicable as Sovereign did not effect the classification of its board in "a bylaw adopted by the shareholders;" and, second, that, even if the requirements of § 1726(a)(1) may be said to apply, Sovereign's Articles clearly and unambiguously allow for removal without cause. Although I reject Relational's argument that the presumption of removal without cause is inapplicable because the classification of Sovereign's board was not effected by bylaw, I nevertheless conclude

12

that Relational may remove Sovereign's directors without cause under the clear language of Sovereign's Articles of Incorporation.

1.  The Requirement of Classification by Bylaw

Under the express language of § 1726(a)(1), the directors of a classified board may be removed without cause only if a "bylaw adopted by the shareholders" permits such removal.  Sovereign concedes that its classified board structure was established through its original Articles of Incorporation established by its incorporators, rather than through any bylaw adopted by those who became its shareholders, but nevertheless argues, by reliance on the official comments to the statute and on other provisions of the PaBCL, that the classification satisfies the requirements of § 1726(a)(1).  (See Def.'s Reply Br. at 8.)  Relational counters that the express requirements of § 1726(a)(1) should be strictly construed to protect shareholders against diminution of their rights by installation of a classified board, and that Sovereign's failure to satisfy these express requirements precludes application of § 1726(a)(1) to the instant litigation.  Relational's arguments are without merit.  Although the Pennsylvania statute, literally construed, would restrict application of § 1726(a)(1) to voting rights regulated only by shareholder-approved bylaws, the official comments to § 1726(a)(1) and other relevant provisions of the PaBCL, demonstrate dispositively that § 1726(a)(1)'s coverage should be interpreted sensibly, not literally, to extend to rights conferred by the articles of incorporation, as well as by bylaws.

In determining the intended scope of § 1726(a)(1)'s application, the Committee Comments provide important guidance.  Under Pennsylvania law, committee comments may be considered in the construction and application of a statutory provision

and are given substantial weight in interpreting a statute. See 1 Pa. Cons. Stat. Ann. § 1939 (West 1995); see also Lessner v. Rubinson, 592 A.2d 678, 680 n. 4 (Pa. 1991). The Committee Comments to § 1726(a)(1) are particularly instructive and demonstrate the intent of the legislature clearly and uniformly to alter the standard for removal of directors. The Comments provide two relevant propositions, first that staggered boards authorized under earlier statutes of governance will continue to be effective:

> A bylaw classifying the directors into staggered terms adopted by the shareholders under the prior law will satisfy the requirements of the last sentence of paragraph (a)(1) and thus the directors of a corporation having such a bylaw will be removable only with cause after October 1, 1989. …

and, second and particularly relevant, that corporate governance provisions established by the Articles of a corporation will be applicable as equally as bylaws:

> Under 15 Pa.C.S. § 1504(c), the provisions that subsection[] (a) … authorize[s] to be set forth in the bylaws may also be set forth in the articles.

15 Pa. Cons. Stat. Ann. § 1726 cmt. (West 1997) (amended Committee Comment – 1990).[1]

Thus, by the enactment of §1726(a)(1), the Pennsylvania legislature sought to impose a presumption of removal only for cause and extended the reach of the presumption to boards classified prior to the 1988 amendment and, in conformity with § 1504(c), to boards classified by the articles rather than by bylaw. The Pennsylvania legislature expressed a clear intent that § 1504(c) and § 1726(a)(1) should have retroactive application. Relational's acquisitions thus gave it the right to expect, pursuant to Sovereign's Articles and Pennsylvania law, that Sovereign's rules of governance,

---

[1] Pursuant to § 1504(c), "[w]here any provision … refers to a rule as set forth in the bylaws of a corporation, the reference shall be construed to include and be satisfied by any rule on the same subject as set forth in the articles of incorporation." 15 Pa. Cons. Stat. Ann. § 1504(c).

allowing for removal of directors without cause, would continue to be the rule of governance unless and until duly changed by appropriate corporate procedure.

2. Removal of Directors under Sovereign's Articles of Incorporation

As discussed earlier, the articles of incorporation of a corporation established under Pennsylvania law are a contract between the corporation and its shareholders and among the shareholders themselves. See Schaad v. Hotel Easton Co., 87 A.2d 229 (Pa. 1952). Article Eighth sets out the applicable standard for removal of Sovereign's directors. It provides, simply and clearly, that a majority vote of qualified shareholders may remove directors from office:

> No director of the Corporation shall be removed from office as a director, by the vote of shareholders, unless the votes of shareholders cast in favor of the resolution for the removal of such director constitute at least a majority of the votes which all shareholders would be entitled to cast at an annual election of directors.

(Zimet Decl., Ex. E at 2.) Nevertheless, Sovereign contends that Article Eighth should not be interpreted to apply to removal of directors without cause. (See Def.'s Br. at 27.) Why not? Sovereign's interpretation requires the imposition of language not included in Article Eighth itself, contrary to standard rules of contract interpretation, presuming that the language was "chosen carelessly." Crawford Cent. School Dist. v. Commonwealth, 888 A.2d 616, 623 (Pa. 2005). By the plain language of Article Eighth, without the imposition of any additional language, Sovereign directors may be removed without cause as long as removal is accomplished by majority vote.

Further insight as to the meaning of Article Eighth may be gleaned from an analysis of the law in effect at the time of Sovereign's incorporation, for "contractual language must be interpreted in light of existing law, the provisions of which are

15

regarded as implied terms of the contract." Richard Lord, 11 Williston on Contracts § 30.19 (4th ed. 2005). As noted by the Pennsylvania Supreme Court, "no principle is more firmly established than that the laws which were in force at the time and place of the making of the contract enter into its obligation with the same effect as if expressly incorporated in its terms." Schaad, 87 A.2d at 229-30 (internal citations omitted). Here, at the time of Sovereign's incorporation, the applicable law provided that "the entire board of directors, or a class of the board, where the board is classified with respect to the power to elect directors, or any individual director may be removed from office without assigning any cause[.]" 15 Pa. Stat. Ann. § 1405(a) (West Supp. 1988) (repealed 1989). Thus, this presumption of removal without cause was incorporated into Article Eighth addressing the right of removal.

Sovereign counters that the meaning of Article Eighth was altered by the repeal of former § 1405(a) and that the Article came to assume the presumption of removal only for cause embodied in § 1726(a)(1) as enacted under the 1988 PaBCL. Further, Sovereign contends that, since the language of Article Eighth was adopted prior to enactment of § 1726(a)(1), it could not have been intended as an "opt out" to the revised statute which thereafter provided for a presumption of removal only for cause. These arguments are without merit. The plain language of Article Eighth, and an analysis of the law in effect at the time of its enactment in 1987, makes clear that the original Articles of Incorporation provided for removal without cause. The enactment of § 1726(a)(1) did not alter this original intent. Indeed, Sovereign itself publicly declared in numerous SEC filings antedating the enactment of § 1726(a)(1) that removal of its directors could be without cause. (See Def.'s Reply Br. at 23.) Although self-serving

16

statements may be inadmissible for purposes of interpreting the meaning of a contract, Lyons v. Cantor, 70 A.2d 285, 287 (Pa. 1950), they provide important insight into Sovereign's understanding of the rights of its shareholders to remove directors, and a significant admission contradicting the interpretation it now finds convenient to proffer. Sovereign's public SEC filings, which must be signed or approved by officers and directors of a corporation on an annual basis, show that Sovereign's directors understood their positions to be terminable by vote of the shareholders without any demonstration of cause. Having failed to take any action in the years following the enactment of § 1726(a)(1) to insulate its directors from the threat of removal without cause, and having authorized public filings against its directors own interests, Sovereign may not now assert an interpretation that contradicts, not only the plain language of its Articles, but its own contentions in this litigation as well.

In accordance with the foregoing, I now hold that, under the plain terms of Sovereign's Articles of Incorporation, Sovereign's directors are subject to removal without cause upon majority vote of its shareholders in accordance with Article Eighth. In reaching this decision, I am not unaware of the important public policies which seek to balance the interests of protecting corporate entities from the destabilizing effects of hostile takeovers and abrupt changes in management and the interests of the right of shareholders to remove directors deemed unfit to continue in the management of the corporation or who persist in a policy that they, but not the shareholders, prefer. Under Sovereign's Articles of Incorporation, made paramount by Pennsylvania's statutes of corporate governance, the tension is to be resolved in favor of shareholder autonomy,

giving shareholders the right to remove all or some directors without cause, as long as a majority of qualified shareholders so vote, and I so hold.

## IV. CONCLUSION

In light of my holding above, Sovereign's motion for judgment on the pleadings as to the right of Relational and other shareholders to remove its directors without cause is denied and Relational's counter-motion for judgment on the pleadings is granted. Thus, remaining for consideration are Relational's claims that Sovereign has breached its duties and has acted in violation of Section 14(a) of the Securities Exchange Act of 1934. An evidentiary hearing on these remaining issues is scheduled to commence on March 27, 2006. In accordance with my Order of January 31, the parties are to complete all discovery by March 16, 2006. Upon completion of discovery, the parties are to submit briefs addressing the remaining factual issues under the schedule set out in the January 31 Order.

Cognizant of the need for an expedited resolution of all claims currently pending before me in advance of the scheduled closing of the transaction between Santander and Sovereign in April 2006, the parties may wish to adjust their other contentions in this case, with the view towards making this order a final judgment. To that end, and to discuss any need to stay changes in the status quo, the parties through counsel shall attend a conference on March 9, 2006, at 4:30 p.m.

SO ORDERED.

Dated:     New York, New York
              March __3__, 2006

                                                   ALVIN K. HELLERSTEIN
                                                   United States District Judge